Clyde C. FORBIS, Appellant (Plaintiff),

v.

C. Jack MINTER d/b/a Minter Realtors; C. Jack Minter, individually; and Wind River Realty, Inc., a Wyoming corporation, Appellees (Defendants).

No. 93–118.

Supreme Court of Wyoming.

Feb. 18, 1994.

John R. Hursh, Cent. WY Law Assoc., P.C., Riverton, for appellant.

Mark White of White & White, P.C., Riverton, Mark L. Carman, Williams, Porter, Day & Neville, P.C., Casper, for appellees.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

In this we appeal we consider whether the district court was correct in granting summary judgment. Appellant Clyde C. Forbis offered his home for sale. Appellees C. Jack Minter, d/b/a Minter Realtors (Minter) and Wind River Realty, Inc., were the agents who procured a sale. Forbis contended they were negligent and breached their fiduciary duties to him by enabling a buyer to be released from his contract to buy.

We affirm.

## ISSUES

Forbis raises these issues:

1. Did the District Court err in finding there did not exist a question of material fact as regards the Appellant/Plaintiff's claims of negligence and breach of fiduciary duty against Appellee/Defendant, C. Jack Minter, d/b/a Minter Realtors, Inc., and C. Jack Minter, individually; and

2. Did the District Court err in finding there did not exist a question of material fact as regards the Appellant/Plaintiff's claims of negligence and breach of fiduciary duty against Appellee/Defendant, Wind River Realty, Inc.

Minter provides this response:

Whether the district court correctly decided that there did not exist a question of material fact and that defendants, C. Jack Minter d/b/a Minter Realtors, Inc.; C. Jack Minter, individually; and Wind River Realty, Inc., were entitled to summary judgment as a matter of law?

Wind River Realty states this issue:

Was the trial court correct in finding that the record did not present a question of material fact regarding Appellant's allegations regarding Appellee Wind River Realty, Inc.?

## FACTS

In August 1989, Forbis listed a home for sale with Minter. Minter, in turn, placed that property on the local multi-list. Wind River Realty procured a buyer on December 12, 1989, and a contract for sale was duly executed. The buyer had visited the premis-

**152**

es at least twice before the contract for sale was signed and three times after the contract was signed. After the contract for sale was signed, Forbis revealed to the buyer that there was a crack in the foundation of the home. Sometime in January 1990, the buyer went to the home and viewed the crack himself; he then took a friend knowledgeable about concrete work out to inspect the crack. The friend told the buyer the crack could be repaired, and the buyer made a determination at that time that he would make the repair himself. Closing was scheduled for January 30, 1990, and, pursuant to a side agreement, the buyer moved into the home on January 28, 1990.

The buyer became alarmed about apparent structural problems during the two days preceding the scheduled closing, saying the house had been making "cracking and groaning" noises. In addition, on the morning of the date scheduled for closing, the buyer discovered that "the kitchen floor was approximately one inch off level on a four-foot span. And that the bottom south wall was approximately kicked out one inch per four foot on the vertical wall." The buyer then called Wind River Realty and an agent came out to see the house. That agent noted there was a problem with the house. Wind River prepared an extension agreement to postpone the closing from January 30, 1990, until February 2, 1990, so that the buyer could arrange for an inspection. Wind River advised the buyer of an inspector he might employ. Section X of the Contract for Sale was a detailed inspection provision, but it had been left blank. Forbis signed the extension agreement, but claims not to have understood what the purport of it was.

The buyer arranged for an informal inspection of the property and, although no report of the inspection was prepared, the buyer became inflexible in his resolve to back out of the contract to buy the home. The buyer prepared a letter stating his intention not to buy; the letter was typed up for the buyer by Wind River and delivered to Minter. Forbis was informed of the buyer's repudiation, and he told Minter "that he should not cancel the sale and that he should not return the earnest money, that as far as

I was concerned the contract was in effect. And in other words, I rejected the letter." Minter claimed Forbis had given him permission to cancel the contract, and a document to that effect was executed by Minter on Forbis's behalf. The buyer did not immediately accept that release, but eventually Forbis did release the buyer from his contract.

### DISCUSSION

Summary judgment is appropriate when no genuine issues of material fact exist and we review a summary judgment in "the same light as the trial court, using the same materials and following the same standards." *Moncrief v. Louisiana Land & Exploration Co.*, 861 P.2d 516, 523 (Wyo.1993) (citing and quoting *Allmaras v. Mudge*, 820 P.2d 533, 535 (Wyo.1991)).

Forbis contends there are genuine issues of material fact which preclude summary judgment. He argues that there is a dispute as to whether he was informed of the import of the extension agreement he signed, as well as whether he specifically instructed Minter not to release the buyer from his contract. He also maintains that both Minter and Wind River Realty violated their fiduciary obligations to him by not loyally looking out for his interests and, in fact, assisting the buyer in getting relieved from the onus of his contract. We agree with the district court that even accepting that Minter and Wind River failed Forbis in some respects, the cause of the damages he alleged were not the result of Minter's or Wind River's failings, but rather because the buyer became inflexible in his resolve not to go through with the contract. There is no suggestion in the facts relied upon by Forbis that either Minter or Wind River Realty were other than honest, trustworthy and competent in their dealings with him. They cannot be held responsible for a buyer's personal and uncounseled decision to breach, repudiate or rescind a contract. *Erickson v. Magill*, 713 P.2d 1182, 1186–87 (Wyo.1986).

The summary judgment is affirmed.